UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-0227 (PJS/SGE) |
| Plaintiff, | |
| v. | ORDER |
| OCTAVION RAYSHAWN JONES, | |
| Defendant. | |

---

Defendant Octavion Jones pleaded guilty to unlawful possession of a machine gun and was sentenced to 31 months in prison and three years of supervised release. ECF No. 49.  The Court ordered that this federal sentence should "run concurrently to any term of imprisonment imposed in connection with the gun- or ammunition-related charges in Ramsey County District Court Case No. 62-CR-23-3294, and consecutively to any other term of imprisonment imposed by any federal or state court." *Id.*

This matter is before the Court on Jones's motion to correct his sentence. Specifically, Jones contends that, because Ramsey County District Court Case No. 62-CR-23-3294 was later dismissed, his federal sentence should be corrected to specify that it should be concurrent to the sentences he received in Ramsey County District Court Case No. 62-CR-23-3269 (for aiding and abetting first-degree aggravated robbery) and Ramsey County District Court Case No. 62-CR-23-3591 (for first-degree aggravated robbery).

Jones does not cite any procedural vehicle for this motion, and it is denied on that basis alone.[1]  Even if it were properly before the Court, however, the Court would deny it.  The Court imposed Jones's federal sentence to run concurrently to any sentence imposed in Case No. 62-CR-23-3294 because the underlying conduct in Case No. 62-CR-23-3294 is the same conduct for which Jones was sentenced in this case.  The Court's intent was to avoid subjecting Jones to "double punishment" *for the same conduct*.  As Case No. 62-CR-23-3294 was dismissed, there is no danger of that happening.

At the time it sentenced Jones, the Court was aware of Case Nos. 62-CR-23-3269 and 62-CR-23-3591, as they were pending at the time of his federal sentencing.  *See* PSR ¶¶ 42, 44.  Those cases involve separate conduct from the conduct at issue in this case.  Accordingly, the Court specifically chose—and specified at the sentencing hearing—that his federal sentence should run consecutively to any sentence imposed in any other federal or state case, including those two cases, as the Court believed it

---

[1]Under Fed. R. Crim. P. 35(a), a court may correct a sentence that "resulted from arithmetical, technical, or other clear error," but only within 14 days after the sentence was imposed.  It is possible that Jones could seek relief under 28 U.S.C. § 2255, but as Jones filed the motion through counsel, the Court will not recharacterize it.  *Cf. Castro v. United States*, 540 U.S. 375, 383 (2003) (describing the circumstances under which a district court may recharacterize a pro se motion as a motion under 28 U.S.C. § 2255 and setting forth the procedures that a court must follow before doing so).

appropriate for Jones to be subject to additional punishment for conduct that has

nothing to do with this case.  There is accordingly no error to correct.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion to correct his sentence [ECF No.

56] is DENIED.


Dated: March 25, 2026                          /s/ Patrick J. Schiltz
                                               Patrick J. Schiltz, Chief Judge
                                               United States District Court